FILED
JUN 21 2010
CLERK, U.S. DISTRICT COURT
NORFOLK VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KENNETH EDWARD BARBOUR, #323278,

    Petitioner,

v.                               ACTION NO. 2:09cv302

GENE M. JOHNSON, Director,
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On November 13, 2001, Petitioner, Kenneth Edward Barbour ("Barbour"), was convicted in the Circuit Court of Arlington County, Virginia, of eight (8) counts of statutory burglary and one (1) count of violating the terms and conditions of his probation. Barbour was sentenced to serve fifteen (15) years in prison with five (5) years suspended for each of his eight (8) burglary

convictions, to be served concurrently. In addition, the Court sentenced Barbour to two (2) years and six (6) months of his previously suspended sentence for violating the terms of his probation. The final order for his burglary convictions was entered on April 29, 2002, and the final judgment as to the probation violation was entered on March 28, 2002.[1]

Barbour did not appeal his convictions, and he did not seek collateral relief in state court.

On June 24, 2009, while in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison, Barbour executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Habeas Petition").[2] The

---

[1] Barbour's sentence is reflected in the Circuit Court's Sentencing Orders. See Resp't's Ex. 1.

[2] The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, Barbour's petition was signed on June 24, 2009; however, it was not postmarked until June 26, 2009. The petition was received by the United States District Court for the Western District of Virginia, Roanoke, on June 30, 2009. The petition was then transferred to the United States District Court for the Eastern District of Virginia, Norfolk, on July 1, 2009. As there is no evidence in the record to the contrary, the Court will assume that Barbour delivered his federal habeas petition for mailing on the date he signed it, June 24, 2009. Further, the Court considers the petition filed, for purposes of the statute of limitations, on that date. McCray v. Johnson, No. 2:06cv728, 2007 WL 2892625 n. 8 (E.D. Va. Sept. 28, 2007).

Court conditionally filed this petition on July 1, 2009, pending receipt of a request to proceed in forma pauperis or affidavit in support thereof. The Court granted Petitioner's motion to proceed in forma pauperis by Order dated August 28, 2009. On September 25, 2009, Respondent filed his Motion to Dismiss and Rule 5 Answer, accompanied by a supporting memorandum ("Respondent's Memorandum"). On October 2, 2009, Barbour filed his response to Respondent's Motion to Dismiss ("Barbour's Response").

On October 14, 2009, Petitioner filed a Motion for Continuance (Doc. No. 12). In his motion, Petitioner requests that the Court grant a continuance so that he could "obtain the needed appeal if it would please the court to keep said case at moot existence."

On November 17, 2009, Petitioner filed a "Motion to Establish a Trial at Sixth Amendment" (Doc. No. 13). Petitioner states that "a speedy public trial which is noted by said United States of America Court system as by Constitution money, weights and measures which, I allege are absent by said proceedings erected at said 7:09-cv-302." The Court interprets Petitioner's motion as a request that the Court promptly resolve the issues raised in his petition,[3] as well as a request for an evidentiary hearing.

On January 8, 2010, the Court received a notice of appeal from

---

[3] The Court notes that Petitioner's request for "a speedy public trial" is contradictory to Petitioner's Motion for Continuance. The Court further notes that Petitioner ultimately delayed the resolution of his claims by filing his improvident appeal.

3

Petitioner, which was transmitted to the United States Court of Appeals for the Fourth Circuit that same day (Doc. No. 14). On January 22, 2010, Petitioner amended his appeal (Doc. No. 16). Petitioner stated, "This is a application petitioning my appeal to the alleged snail procedure held to my alleged pending complaint of a compared unconstitutional chime [sic] to the VI Amendment . . ." This Court took no action pending the outcome of Petitioner's appeal. On May 27, 2010, the United States Court of Appeals for the Fourth Circuit dismissed Barbour's appeal for lack of jurisdiction. Barbour v. Johnson, No. 10-6076 (4th Cir. May 27, 2010). The Fourth Circuit's judgment became effective on June 18, 2010, when the mandate was issued. Accordingly, this action is now ripe for review.

### B. Grounds Alleged

Barbour asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) His imprisonment in the state correctional facility is unconstitutional because the state correctional facilities are analogous to "ships of war," and their actions amount to entering into any agreement or compact with another state or with a foreign power, or "engaging in functions of war" at a time of peace in violation of U.S. Const. art. I, § 10, cl. 3;

(b) His imprisonment in the state correctional facility is unconstitutional because the state correctional facilities are "new states . . . formed and erected" within the jurisdiction of another state in violation of U.S. Const. art. VI, § 3, cl. 1;

(c) The terms of his supervised parole and probation

4

and his imprisonment for the violation of probation in the state correctional facility are unconstitutional because probation and supervision of probation by the state courts are a form of counterfeiting, in violation of U.S. Const. art. I, § 8, cl. 6;

(d) His imprisonment is unconstitutional because his transfer to the correctional facility by the office of Parole and Probation amounts to "migration and importation" of a person to another state, in violation of U.S. Const. art. I, § 9, cl. 1;

(e) The terms of his supervised parole and probation and his imprisonment for the violation of probation in the state correctional facility are unconstitutional because they "held revenue enforced by the bill of supervised parole and probation" were improperly raised, in violation of U.S. Const. art. I, § 7, cl. 1;

(f) The terms of his supervised parole and probation and his imprisonment for the violation of probation in the state correctional facility are unconstitutional because the courts improperly passed the "probation bills" in violation of U.S. Const. art. I, § 7, cl. 2;

(g) The terms of his supervised parole and probation and his imprisonment for the violation of probation in the state correctional facility are unconstitutional because the state's enforcement of the terms of parole and probation amount to showing a "direct perference [sic] to a free state," in violation of U.S. Const. art. I, § 9, cl. 6;

(h) The terms of his supervised parole and probation and his imprisonment for the violation of probation in the state correctional facility is unconstitutional, because "the established post road by application of probation & parole" is a violation of U.S. Const. art. I, § 8, cl. 7;

(i) The terms of his supervised parole and probation and his imprisonment for the violation of probation in the state correctional facility is unconstitutional because the enforcement of probation deprives the Petitioner of his

5

constitutional right to bear arms, in violation of
U.S. Const. amend. II; and

(j) The terms of his supervised parole and probation and his imprisonment for the violation of probation in the state correctional facility is unconstitutional because his imprisonment is an "unconstitutional invasion . . . of [his] erected free state," in violation of U.S. Const. amend. XI.

## II. **MOTION FOR A TRIAL**

As a preliminary matter, the Court notes that Barbour filed a motion for a speedy trial (Doc. No. 13), which the Court interprets as a request for an evidentiary hearing. The Court has determined that pursuant to 28 U.S.C. § 2254(e)(2), a hearing is not required in this case because the facts in the existing record are sufficient to resolve the legal issues raised.[4] See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Barbour's Motion for a Trial.

---

[4] 28 U.S.C. § 2254(e)(2) provides:
[T]he court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
(A) the claim relies on-
    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Barbour has not alleged facts or circumstances that meet this provision.

6

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Barbour's habeas petition, because the Court FINDS that Barbour's claims are exhausted but procedurally defaulted.[5]

### A. Exhaustion of Claims

Generally, in order for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper

---

[5] Respondent did not raise the issue of statute of limitations in his Motion to Dismiss, however the Court notes that it appears that Petitioner filed his federal habeas petition beyond the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Petitioner's convictions became final on April 29, 2002, and he executed the instant petition on June 24, 2009, over seven (7) years after his conviction became final.
"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210 (2006). Therefore, a court may not raise the issue of the statute of limitations sua sponte without giving the petitioner the opportunity to respond. Id. Here, the Court declines to consider the timeliness of Barbour's petition because the Court easily is able to dispose of the petition on other grounds, and providing the parties with the opportunity to present their positions would delay the disposition of this case further.

7

v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). To be considered exhausted, the claim must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted), cert. denied, 522 U.S. 833 (1997). However, "the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." Id. at 911 (citations omitted).

Barbour indicates in his petition that he did not appeal the judgment of conviction, nor did he seek review by a higher state court.[6] If Barbour were to present his claims to the state court today in a petition for writ of habeas corpus to the Supreme Court of Virginia, his petition would not be timely filed, and the matter would be dismissed pursuant to Virginia Code § 8.01-654(A)(2). Therefore, Barbour would be procedurally barred from seeking relief from the state court, and thus, for the purposes of this petition, his claims are exhausted.

B. **Procedural Default**

Although all of Barbour's claims are exhausted, Respondent asserts that Barbour's claims are procedurally defaulted and barred

---

[6] On page 3 of his petition, Barbour responded "No" to question 8 ("Did you appeal from the judgment of convictions?") and question 9 ("Did you seek further review by a higher state court?").

8

from this Court's review. Resp't Mem. at 4 (citing <u>Bassette v. Thompson</u>, 915 F.2d 932, 936-37 (4th Cir. 1990)); <u>see also</u> <u>Baker v. Corcoran</u>, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted[, and simultaneously procedurally defaulted,] if it is clear that the claim would be procedurally barred under state law if the petitioner [now] attempted to present it to the state court."). The Court concurs.

Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that is "clearly and expressly defaulted under an independent and adequate state procedural rule" unless the prisoner can demonstrate "cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice." <u>Weeks v. Angelone</u>, 176 F.3d 249, 273 (4th Cir. 1999). The Fourth Circuit has held that a state statute that limits the period of filing is an "adequate and independent state ground," and may bar federal habeas review of the claims. <u>Weeks</u>, 176 F.3d at 273; <u>Pope v. Netherland</u>, 113 F.3d 1364, 1372 (4th Cir. 1997).

As noted above, if Barbour were now to raise his claims in the Virginia Supreme Court, they would be barred as untimely under Virginia Code § 8.01-654(A)(2). Barbour had two (2) years from the date of final judgment to file a state petition for a writ of

9

habeas corpus. See Va. Code § 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."). The Circuit Court entered Barbour's Sentencing Order for the burglary convictions on April 29, 2002, and his conviction for the probation violation on March 28, 2002. Therefore, Barbour had until April 29, 2004, to present his claims regarding the burglary convictions, and until March 28, 2004, to present his claim regarding his probation violation conviction. Barbour did not file the instant petition until June 24, 2009, nearly five (5) years after the statute of limitations for a state petition for a writ of habeas corpus had passed.

Based on the foregoing, the Court FINDS that Barbour's claims are exhausted, but the Court further FINDS that those claims are procedurally defaulted under Virginia law, and are therefore barred from this Court's review.

### C. Limited Exceptions to Procedural Default

Although Barbour's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice

because he is actually innocent of the crimes for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

The Court construes Barbour to argue that he should be excused from exhausting his state remedies due to his unfamiliarity with the legal system and his pro se status. Pet'r's Mot. for Continuance. However, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("Youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default."), cert. denied, 537 U.S. 1214 (2003);

11

Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (stating that ignorance or inadvertence do not constitute cause to excuse a procedural default); Sosa, 364 F.3d at 512. Consequently, Barbour failed to establish the requisite cause for his failure to comply with the applicable state procedural rules in order for this Court to review the instant claims on the merits.[7] Further, Barbour does not make any argument for or provide any evidence to support the miscarriage of justice exception. Accordingly, the Court FINDS that Barbour has not established that he is entitled to review of his claims and they remain procedurally defaulted.

## IV. **MOTION FOR CONTINUANCE**

In his Motion for Continuance (Doc. No. 12), Barbour requests a continuance because "accounts alleged to the written fact belonging to the erected account toned [sic] to exhausted remedies not being of constitutional portions by discovery of NEW Rule." The

---

[7] Insofar as Barbour has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claims. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted). Further, even in the instance where error occurred, a petitioner must show actual disadvantage, as a result, and not merely a possibility of harm. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope V. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997). The Court further notes that Barbour has not asserted that he is entitled to the miscarriage of justice exception to procedural default.

Court interprets Barbour's statement as a request for a continuance so that he may overcome the procedural default bar by exhausting his state remedies. As discussed <u>supra</u>, Barbour cannot exhaust his claims in state court at this point in time because his claims are time-barred under Virginia law. Therefore, granting a continuance would be futile, and accordingly Barbour's Motion for Continuance is DENIED.

## V. **RECOMMENDATION**

For the foregoing reasons, the Court, having found that Barbour's claims were procedurally defaulted, RECOMMENDS that Barbour's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Barbour's claims be DISMISSED WITH PREJUDICE.

## VI. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served

with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
June 21, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Kenneth Edward Barbour, #323278
Wallens Ridge State Prison
P. O. Box 759
Big Stone Gap, Virginia  24219
PRO SE

Benjamin H. Katz, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia  23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: *[signature]*
Deputy Clerk

June 21, 2010